UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLA BEEN, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 4:19CV2601 HEA |
| vs. | ) ) ) |
| EDGEWELL PERSONAL CARE COMPANY, et al., | ) ) ) |
| Defendants. | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss or to Compel Arbitration and to Stay Litigation, [Doc. No. 19]. Plaintiff opposes the Motion. For the reasons set forth below, the motion will be granted as detailed below.

**Facts and Background**

Plaintiff Carla Been filed a class action petition in the Circuit Court of St. Louis County against Defendants Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC and Does 1 through 10. Been alleged violations of the Missouri Merchandising Practices Act asserting Defendants employed gender-discriminatory pricing schemes in charging more for a female-marketed version of a "materially-identical-if-not-inferior product" than

1

they charged for the corresponding male-marketed version. This lawsuit concerns, in particular, the Schick "Quattro for Women" 4-Blade Disposable Razor Refill Blades and the "Quattro Titanium" men's refill razors. On September 19, 2019, Defendants removed the matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). On October 7, 2019, Been filed an amended complaint asserting the same cause of action.

In her initial complaint, Plaintiff alleged in or around July 2019, she purchased the "Quattro for Women" 4-Blade Women's Disposable Razor Refill Blades from Schick via Schick's website, www.schick.com. She also defined the class as "All persons, who, within the Class Period, purchased "Schick"-brand "Quattro For Women" Disposable Razor Refill Blades, "Sensitive" or "Regular" in the State of Missouri." In her Amended Complaint, Plaintiff removed the allegations related to her purchase on Schick's website and added allegations that she purchased the product through a Missouri retailer in October 2019. She also amended the class definition to, "All persons, who, within the Class Period, purchased "Schick"-brand "Quattro For Women" Disposable Razor Refill Blades, "Sensitive" or "Regular" (the "Product")5 from a retailer in the State of Missouri.

Plaintiff has pending in this Court a virtually identical suit styled *Been v. Edgewell Personal Care Company, et al.*, 4:19CV2602 SRC. The only difference between that case (*Been II*) and the instant case (*Been I*) is the product in question.

2

*Been II* challenges Defendants' product "Quattro for Women" razors, whereas *Been I* has been brought regarding the "Quatro for Women" 4-Blade Disposable Razor Refill Blades.

Defendants seek dismissal of the Amended Complaint or for the Court to compel arbitration and stay all proceedings in this action.

## Standard

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction…or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2.

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Accordingly, "courts must place arbitration agreements on an equal footing with other contracts"

3

and enforce them according to their terms. *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001).

## Discussion

On March 31, 2020, Judge Clark entered a Memorandum and Order in *Been II*. In this Memorandum and Order, Judge Clark analyzed the identical issue involving the same parties as the issue before the undersigned. Judge Clark found:

> When Been purchased the [product] from the Schick website, she agreed to certain terms and conditions and thereby entered into a contract with Defendants. The contract includes an arbitration clause stating:
>
> > WE BOTH AGREE TO ARBITRATE: You and Edgewell agree to resolve any claims relating to these Terms of Use through final and binding arbitration, except that, to the extent you have in any manner violated or threatened to violate our intellectual property rights (for example, trademark, trade secret, copyright, or patent rights) . . .
>
> Doc. 19-1, pg. 10. The arbitration clause further states:
>
> > The Federal Arbitration Act governs the interpretation and enforcement of this dispute resolution provision. Arbitration shall be initiated through JAMS. Any dispute, controversy, or claim arising out of or relating to these Terms of Use shall be referred to and finally determined by arbitration in accordance with the JAMS Streamlined Arbitration Rules and Procedures in front of one arbitrator. If there is a conflict between JAMS Rules and the rules set forth in these Terms of Use, the rules set forth in these Terms of Use will govern.

4

Doc. 19-1, pg. 11.  JAMS Rule 8(b), incorporated into the arbitration clause, states:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator.  The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

Doc. 19-2, pg. 12.

These clauses require the Court to refer all jurisdictional and arbitrability disputes to the arbitrator.  Thus, the Court does not have the power to determine whether this contract and arbitration clause can govern the subsequent purchase made by Been from a third-party retailer; the arbitrator must do so.  In *Henry Schein, Inc. v. Archer & White Sales, Inc.*, the Supreme Court recently addressed the issue of delegating the arbitrability question to an arbitrator.  139 S. Ct. 524 (2019).  The Supreme Court stated, "we have held that parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id*. at 529 (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)).  "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce . . ." *Id*.  "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract.  In those circumstances, a court possesses no power to decide the arbitrability issue." *Id*.

"[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists. 9 U.S.C. § 2.  But if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Id*. at 530.  Here, a valid agreement exists between Defendants and Been.  This agreement delegates the arbitrability issue to the arbitrator including the formation, existence, validity, interpretation, or scope of the Agreement.  This includes the question of whether this agreement governs subsequent purchases of

5

>   Schick products by Been from third-party retailers. Therefore, the Court must compel arbitration.
>
>   "The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. Super Shuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating the district court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). In *Green*, however, the Court recognized that district courts sometimes rely upon "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Id.* at 669-70. Here, the entire controversy may not be decided by arbitration because the arbitrator may decide that the contract and arbitration clause do not apply to the dispute. If that happens, Been may be prejudiced by a dismissal because the statute of limitations may run in the meantime. *Id.* at 770. Thus, the Court stays the action pending arbitration, rather than dismissing it.

*Been II*, Cause No. 4:19CV2602 SRC (E.D. Mo March 31, 2020).

The same analysis and authority apply in this case. The Court adopts Judge Clark's findings and conclusions fully herein. For the reasons set forth in Judge Clark's Memorandum and Opinion, the Motion to Compel Arbitration must be granted.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' Motion to Dismiss or to Compel Arbitration and to Stay Litigation, [Doc. No. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is stayed pending arbitration. The parties shall notify the Court of the completion of the arbitration and shall

provide a status report in the notification.

Dated this 27th day of May, 2020.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**