## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CARLA BEEN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:19CV2601 HEA |
| vs. | ) ) | |
| EDGEWELL PERSONAL CARE COMPANY, et al., | ) ) ) | |
| Defendants. | | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Carla Been's Motion to Remand [Doc. No. 24]. Defendants oppose the Motion. For the reasons set forth below, the motion will be denied.

### Facts and Background

Plaintiff Carla Been filed a class action petition in the Circuit Court of St. Louis County against Defendants Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC and Does 1 through 10. Been alleged violations of the Missouri Merchandising Practices Act asserting Defendants employed gender-discriminatory pricing schemes in charging more for a female-marketed version of a "materially-identical-if-not-inferior product" than they charged for the corresponding male-marketed version. This lawsuit concerns,

1

in particular, the Schick "Quattro for Women" 4-Blade Disposable Razor Refill Blades and the "Quattro Titanium" men's refill razors. On September 19, 2019, Defendants removed the matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). On October 7, 2019, Been filed an amended complaint asserting the same cause of action. In her Motion, Been now seeks remand of this matter pursuant to the local controversy exception of CAFA.

## Standard

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab.*

2

*Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

## Discussion

In her Motion, Been asserts the local controversy exception to CAFA applies and the Court must remand this matter back to the state court.  Defendants ask the Court to deny Been's Motion, arguing that she waived her right to assert the local controversy exception.  They also argue the case does not qualify for the exception because Been did not establish that Edgewell Personal Care Company, the Missouri defendant, is a significant defendant, nor did she establish that two-thirds of the class are citizens of Missouri.

> CAFA provides:
>
> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). The local controversy exception, found in paragraph 4, states:

> A district court shall decline to exercise jurisdiction under paragraph (2) –
>
> (A)(i) over a class action in which –
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant –
>>
>>> (aa) from whom significant relief is sought by members of the proposed class;
>>>
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4). The burden of establishing this exception lies with the party seeking remand. *Atwood v. Peterson*, 936 F.3d 835, 839 (8th Cir. 2019).

**Waiver of Local Controversy Exception**

The issues before the Court is whether Been can waive her right to assert the local controversy exception and, if so, whether she has waived that right. The

4

Eighth Circuit has held that the local controversy exception "operates as an abstention doctrine, which does not divest the district court of subject matter jurisdiction." *Graphic Comm'ns Local 1B Health & Welfare Fund A. v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011). In explaining its holding, the Court stated, "the local controversy provision, which is set apart from the [] jurisdictional requirements in the statute, inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met." *Id*. Therefore, unlike challenges to subject matter jurisdiction, which cannot be waived and a party can raise at any time, a party can waive its right to assert the local controversy exception.

"A party that engages in affirmative activity in federal court typically waives the right to seek a remand." *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996). In *Koehnen*, the plaintiff affirmatively sought leave to file a new complaint in federal court, and the Eighth Circuit found that "[b]y the mere filing of an amended petition, [the plaintiff] consented to accept the jurisdiction of the United States court." *Id*. Here, Been filed an amended complaint after Defendants removed the case to this Court. In her Amended Complaint, she stated, "the Defendant properly removed this case here." Doc. 14, ¶ 14. Through these actions, Been waived her right to assert the local controversy exception. *See Moffitt v. Residential Funding Co.*, 604 F.3d 156, 159 (4th Cir. 2010) ("If a

5

plaintiff voluntarily amends his complaint to allege a basis for federal jurisdiction, a federal court may exercise jurisdiction even if the case was improperly removed.").

Because Been waived her right to assert the local controversy exception to CAFA, the Court will not address the remaining arguments asserted by the parties.

## Conclusion

Based upon the foregoing, Been's Motion to Remand is without merit. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 24] is **DENIED**.

Dated this 27th day of May, 2020.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**